**JOURNAL-TRIBUNE PUBLISHING COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15008.**

United States Court of Appeals Eighth Circuit.

Oct. 26, 1954.

John Enrietto, Washington, D. C. (James P. Jones and Hamel, Park & Saunders, Washington, D. C., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Hilbert P. Zarky and Louise Foster, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This is a petition to review a decision of the Tax Court which found a deficiency in income tax of petitioner for its fiscal year ended October 31, 1948, in the amount of $4,488.39. During the tax period here involved, and for a number of years prior thereto, the Journal-Tribune Publishing Company, petitioner herein, was in possession of a newspaper plant maintaining and operating it under a 99 year lease from the original owners,

3. Lavender v. Kurn, 327 U.S. 645, 652, 66 S.Ct. 740, 90 L.Ed. 916.

the Perkins Brothers Company and The Tribune Company. It was engaged in the business of printing, publishing and circulating a morning and evening daily newspaper, known as the "Sioux City Journal" and the "Sioux City Journal-Tribune" respectively, and a Sunday paper, known as the "Sioux City Sunday Journal." Prior to the organization of petitioner, the Perkins Brothers Company and The Tribune Company each published a daily newspaper in Sioux City, Iowa, and those two companies caused petitioner to be organized, its stock being issued to and held by the then stockholders of said companies. Each of these companies leased its newspaper plant and equipment, together with the business then carried on by each, to petitioner for a period of 99 years. The leases were identical in terms so far as any issue here involved is concerned and described the property and property rights leased as follows:

"* * * the possession and use of the newspapers of the lessor, known as the Sioux City Tribune, and all editions thereof heretofore published by lessor, and of which it is the owner and proprietor, including the subscriptions, good will, publishing and engraving equipment, machinery, contracts, franchises and all other property, tangible and intangible (excepting the real estate in which said property is housed), which at the time of the execution hereof has heretofore been possessed and enjoyed by the lessor in or about the publication of its said newspapers, and the conduct of its newspaper business; * * *."

The lease also contained provision that,

"4. * * * during the term of this lease it will at all times use the demised property and the rights and privileges so demised by the lessor, in the publication of the newspaper herein referred to, and in every respect will exert its best endeavor in the upkeep and publication of said newspaper. To that end, lessee shall have the right at all times to sell or otherwise dispose of any of the physical property now or hereafter used in connection with the operation of said newspaper plant, or to remove or install the same in such quarters in the city of Sioux City, Iowa, as in its judgment may from time to time be deemed advisable or expedient, and to add thereto such new or additional machinery or equipment as from time to time it may be deemed advisable, provided, however, that any and all such additions shall be considered and treated as demised jointly under this lease and a lease being contemporaneously executed by the lessee and the Perkins Bros. Company in the proportion of forty per cent under this lease and sixty per cent under the lease between the lessee and the Perkins Bros. Company, and all and every of the obligations on the part of the lessee herein provided shall be deemed to extend to all the physical property hereafter acquired by the lessee, and used by it in the operation of its said business.

* * * * * *

"8. It is further covenanted and agreed by and between the parties hereto that in the event of the termination of this lease at any time before the expiration of said demised term of ninety-nine years, for the breach of any of the covenants herein contained, then and in such case all the property demised hereby, and a forty per cent interest in all choses in action, rights, privileges and franchises whatsoever, which may up to said time have been acquired by the said lessee in or about the operation of its said business, shall be forfeited to the said lessor, its successors and assigns, as aforesaid, and shall become its or their property, and no compensation therefor shall be allowed or paid to the lessee.

"9. At the termination of the term of this lease the lessee shall have the option to purchase the right, title and interest of the lessor and its assigns, as hereinbefore provided, in and to the leased property, provided it shall notify it or them in writing of its said election at least one year before the end of the term, and by paying therefor the fair market price at that time, to be determined through appraisal by three disinterested persons; one to be appointed by the lessor; or a majority in interest of its assigns; one to be appointed by the lessee; and one to be appointed by the two appraisers so selected. In the event the lessee shall not elect so to purchase and pay the purchase price so fixed and determined as aforesaid, the said demised property with forty per cent of all the rights, privileges and franchises then possessed, used or enjoyed by the said lessee and more particularly hereinbefore described, shall revert to the said assigns of the lessor, and shall be delivered to and held by them in the proportions to which each shall be entitled."

The leases also contained provision for the payment of an annual rental of $50,000.00, $30,000.00 being payable to the Perkins Brothers Company, and $20,000.00 to The Tribune Company. The estimated aggregate value of the leased properties was between $1,200,120.00 and $1,623,680.00. The physical properties had been used by the lessors respectively in the publication of their respective newspapers and at the time these properties were turned over to the lessee they had a remaining useful life of twenty years. During the taxable year here in question petitioner purchased certain items of machinery, equipment, furniture and fixtures to replace items of similar machinery and equipment that were discarded because of wear and tear and for the purpose of maintaining the upkeep of the plant and equipment at a standard established and maintained at the time it took over the properties from its lessors. It also purchased certain new equipment consisting of a motion picture camera and related equipment. This did not replace any property which it had received from its lessors but was in addition thereto. All of the listed purchases had a useful life in excess of one year.

In its income tax return for the year in question petitioner deducted from its income the amount expended by it for the purchase of the machinery and equipment which was purchased to supplant similar equipment which was discarded and also the expenditure made by it for the motion picture camera and related equipment as "maintenance of Leased Plant." The respondent disallowed the amount of these expenditures as "Maintenance of Leased Plant" but treated the expenditures as capital investments.

The Tax Court in its decision held that no part of these expenditures could be allowed as operating expense deductible for the year in question. The views of the Tax Court on this question may best be gathered from its opinion, wherein, among other things, it is said:

"The controversy arises because the Commissioner in his determination of the deficiency here involved has disallowed this amount as an ordinary and necessary business expense and has in said deficiency determination capitalized the expenditures and permitted recovery thereof upon a depreciation basis only.

"Relying on the rationale of Illinois Central R. Co. v. Commissioner, 7 Cir., 90 F.2d 458; Atlantic Coast Line R. Co., 31 B.T.A. 730; Frank & Seder Co. v. Commissioner, 3 Cir., 44 F.2d 147; and Charles B. Towns Hospital, 2 B.T.A. 701, petitioner contends that expenditures here involved should be held by us to be ordinary and necessary business expenses and deductible in their entirety in the year paid. Respondent contends that the amounts paid by petitioner are capital expenditures and, therefore, must be recovered by way of depreciation over the life of

the equipment and furniture thereby acquired or over the remaining term of the leases, whichever is the lesser period. Two of the cases cited by petitioner, Illinois Central R. Co., supra, and Atlantic Coast Line R. Co., supra, are railroad cases and involve the retirement system of accounting which is permissible in the case of railroads. See Hotel Kingkade v. C. I. R., 12 T.C. 561; affirmed 10 Cir., 180 F.2d 310.

"Frank & Seder Co. v. Commissioner, supra, is not a railroad case it is true, but it has no application to the facts at bar, because the expenditure there involved was a lease-end expense which the taxpayer there elected to pay in its entirety prior to the expiration of the lease term. Decision there turned upon the proposition that the expenditure involved would represent no acquisition of or investment in a capital asset on the part of the taxpayer and that there was, therefore, no cost to be recovered by way of depreciation. Charles B. Towns Hospital, supra, is distinguishable on the facts.

"The assets acquired by the expenditures here involved, all of which have a useful life in excess of one year, must in their nature be held to be capital assets, the cost of acquisition of which may be recovered by petitioner only by way of depreciation over their useful life or the remaining term of the leases, whichever is the lesser. * * * "

■ The question which was decided by the Tax Court was whether in view of the contract obligations of petitioner to maintain the upkeep of the leased property,. the expenditure for the items of machinery and equipment constituted a business expense or a capital expenditure. As has been observed, the expenditures were of two characters, one for machinery and equipment to replace worn out and discarded machinery and equipment, and the other for additional equipment which did not replace any

equipment held by petitioner under its leases. The first of these expenditures were made in compliance with petitioner's obligation to maintain the standard of upkeep. It was not only obligated to pay certain rentals but in addition thereto it was obligated to make expenditures in the maintenance of the property. The expenditures made for this purpose we think were properly deductible from petitioner's income as ordinary and necessary business expenses. Illinois Central R. Co. v. Commissioner of Internal Revenue, 7 Cir., 90 F.2d 458, 461; Atlantic Coast Line R. Co. v. Commissioner of Internal Revenue, 31 B.T.A. 730, affirmed 4 Cir., 81 F.2d 309; Frank & Seder Co. v. Commissioner of Internal Revenue, 3 Cir., 44 F.2d 147; Appeal of Charles B. Towns Hospital, 2 B.T.A. 701; Southern Railway Co. v. Commissioner of Internal Revenue, 4 Cir., 74 F. 2d 887.

In Illinois Central R. Co. v. Commissioner, supra, the court considered expenditures made for the maintenance of petitioner's leased property and in a very well considered opinion in which a number of authorities are cited and reviewed, the court, among other things, said [90 F.2d 461]:

"In the present case the leases included some 2,300 units of equipment, a substantial number of which were retired each year and were replaced in order to keep the leased property in operation as a going concern. Such expense of replacing the retired units of equipment was necessarily made 'to keep the properties going' and not 'to create additions to them.' They constituted not investment, but upkeep, which the lessee was obligated to perform by the terms of the lease, and was required so to do in order that it might continue the use of the property in the business for which it was acquired."

The Tax Court in Atlantic Coast Line R. Co. v. Commissioner, supra, considered a situation in which a lessee had made certain expenditures strikingly

similar to those involved in the instant case. In the course of the opinion in that case it is, among other things, said:

"Thus, it appears that, pursuant to an obligation imposed by the lease contract, the lessor reimbursed the lessees for all additions and betterments to the leased property made by them during the taxable years, and that pursuant to a like obligation the lessees reimbursed the lessor for all property retired during the year which was not repaired or replaced in kind. This is the net result which flowed from the charging of additions and betterments to the lessor and the crediting of retired property to the lessor and the issuance of bonds by the lessor to the lessees for the difference between such charges and credits.

"We think that it is clear, therefore, that the amounts claimed by the petitioner lessee as deductions, as set out in the stipulation, represent the cost to it in part of the process of maintenance of the leased properties, for which it was not and will not be reimbursed. If not strictly a part of the cost of maintenance, the credits in question certainly represent cost to the lessees of carrying out their contract with the lessor, and were in effect payments made by the lessees to the lessor in lieu of their obligation to replace the retired property in kind or by other property of equal value. To the petitioner lessee these expenditures constituted rental paid for the use of the leased properties, and petitioner is entitled to deduct the same as current operating expenses."

Great reliance is placed upon the decisions of the Supreme Court in Duffy v. Central Railroad Company, 268 U.S. 55, 45 S.Ct. 429, 430, 69 L.Ed. 846, but the case is readily distinguishable in its facts and we think in principle sustains the contention of the petitioner so far as the expenditures for the machinery and equipment purchased to replace discarded machinery is concerned. It is there

distinctly pointed out that the expenditures were not expenses paid within the year for maintenance and operation of the properties but were for additions to the properties. In the course of the opinion it is said:

"Clearly the expenditures were not 'expenses paid within the year in the maintenance and operation of its (respondent's) business and properties'; but were for additions and betterments of a permanent character, such as would, if made by an owner, come within the proviso in subdivision Second, 'that no deduction shall be allowed for any amount paid out for new buildings, permanent improvements, or betterments made to increase the value of any property,' etc. They were made, not to keep the properties going, but to create additions to them. They constituted, not *upkeep*, but *investment;* not maintenance or operating expenses, deductible under subdivision First, § 12(a), but capital, subject to annual allowances for exhaustion or depreciation under subdivision Second."

Other cases cited and relied upon as sustaining the court's decision in this regard are so dissimilar in their facts that they are of no persuasive power. For instance, in Nelson v. Commissioner, 8 Cir., 184 F.2d 649, decided by this court, the expenditure was made, not pursuant to contract, but clearly for additional property.

We next turn to a consideration of the contention of petitioner that it should have been allowed $2,024.75, the amount expended by it for a motion picture camera and related equipment, as a necessary expense of maintenance of the business. This equipment was not a part of the property when it was leased to the petitioner. It was the purchase of additional property in the nature of a betterment. Had it been made by the owner it would have constituted a capital expenditure. What is said in Duffy v. Central Railroad Company, supra, as to a somewhat similar transaction is, we think, here controlling. It is there said:

143

"Expenditures, therefore, like those here involved, made for betterments and additions to leased premises, cannot be deducted under the term 'rentals,' in the absence of circumstances fairly importing an exceptional meaning; and these we do not find in respect of the statute under review."

See, also, Nelson v. Commissioner, supra.

We conclude therefore that the Tax Court correctly held that the expenditures of $2,024.75 made by the petitioner in the purchase of the motion picture camera and related equipment could not be deducted as ordinary business expense of maintenance and its decision in that regard is affirmed; but that petitioner was entitled to deduct the expenditures made by it for machinery and equipment to replace similar machinery and equipment discarded because of wear and tear, as a necessary maintenance expense, and the decision of the Tax Court denying such allowance is reversed. The case is therefore remanded to the Tax Court with directions to modify its decision in accordance with this opinion.